UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 2:11-cr-7

v.

HON. ROBERT HOLMES BELL

JAMES RICHARD VANDERWEELE,

    Defendant.
_____/

# ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

On December 7, 2011, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendant James Richard Vanderweele's motion to suppress evidence be denied on his request to suppress the search warrant, denied as to statements made to Special Agent Petschke, and granted as to any statements made to Escanaba Public Safety Officer Savoy from the time defendant was placed in handcuffs until the time when he was given *Miranda* warnings outside of his home. (Dkt. No. 29.) The Court approved these recommendations in part, but remanded the matter for consideration of Plaintiff's argument that Special Agent Petschke took coercive action to elicit his statements. (Dkt. No. 47.) The matter is now before the Court on the Magistrate Judge's second R&R recommending that Defendant's motion to suppress be denied (Dkt. No. 48) and on Defendant's renewed objections (Dkt. No. 57.)

Defendant objects to the Magistrate Judge's finding that there is no evidence indicating coercion by Special Agent Petschke. However, the Magistrate Judge's analysis

of Defendant's coercion argument was thorough and considered the testimony and evidence presented at hearing. A district court is not required to rehear witnesses whose testimony has been evaluated by the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The Magistrate Judge, as the fact-finder, has the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position to determine their credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264 (6th Cir.1999). The Magistrate Judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Akins*, No. 08-CR-20397, 2011 WL 2636697, 1 (W.D.Tenn. July 6, 2011); *United States v. Irrorere*, 69 F. App'x 231, 236 (6th Cir. 2003).

Upon review, the Court finds that the Magistrate Judge's determination that Defendants' statements were not products of coercion is well supported and correct. Accordingly,

**IT IS HEREBY ORDERED** that the February 1, 2012 R&R (Dkt. No. 48) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's objection to the R&R (Dkt. No. 57) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion to suppress evidence (Dkt. No. 29) is **DENIED**.

Dated: February 21, 2012            /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                             UNITED STATES DISTRICT JUDGE